**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | 6:02-CR-14(1) |
| TIMOTHY BRYAN JORDAN | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On September 19, 2007, the court held a hearing on the government's petition (#16) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Alan Jackson. The defendant was represented by Mr. Wayne Dickey.

Timothy Jordan was sentenced on July 8, 2002, before The Honorable U.S. District Judge William M. Steger of the Eastern District of Texas – Tyler Division, after pleading guilty to the offense of possession of a stolen firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of II, was 46 to 57 months. Timothy Jordan was subsequently sentenced to 52 months imprisonment followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and a $100 special assessment. On February 23, 2007, Timothy Jordan completed his period of imprisonment and began service of the supervised term in the Western District of Arkansas. On August 30, 2007, this case was reassigned to The Honorable U.S. District Judge Michael H. Schneider of the Eastern District of Texas – Tyler Division.

The term of supervised release in this case is being served concurrently with the term of supervised release ordered in case number 5:04-CR-5(1), which is assigned to The Honorable U.S.

District Judge David Folsom of the Eastern District of Texas – Texarkana Division.

On September 5, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On or about July 27, 2007, Mr. Jordan was arrested by the Texarkana, Texas Police Department and charged with possession of marijuana, less than two ounces. It is alleged that Mr. Jordan was traveling at a high rate of speed on U.S. Highway 549 in Miller County, Arkansas when he passed a police officer in a department owned vehicle. Mr. Jordan was executing unsafe lane changes and causing other drivers to make evasive maneuvers which resulted in the police officer giving chase. The police officer reported that he estimated Mr. Jordan's speed to be in excess of 100 miles per hour. The officer was finally able to stop Mr. Jordan on West 14th Street in Texarkana, Texas. While approaching the vehicle, the officer noticed Mr. Jordan stuffing something into a small compartment on the left side of the steering wheel. After the officer identified himself, Mr. Jordan was asked what he put in the dash compartment and he replied, "Weed. Well a roach." Mr. Jordan gave consent to search himself and the car. A small plastic bag was found in Mr. Jordan's left front pocket containing a small amount of marijuana. Inside the car's center console, officers found a tin box containing a plastic bag with marijuana, rolling papers, a scale, and a small clip commonly used to hold marijuana cigarettes.

2) The defendant shall refrain from any unlawful use of a controlled substance. Specifically, the government alleges as follows: On April 23, 2007, Mr. Jordan submitted a urine specimen that tested positive for the use of marijuana, and Mr. Jordan thereafter admitted to using marijuana. On August 1, 2007, Mr. Jordan submitted a urine specimen that tested positive for the use of marijuana,

and Mr. Jordan thereafter admitted to using marijuana. On August 23, 2007, Mr. Jordan submitted a urine specimen that tested positive for the use of marijuana. Mr. Jordan thereafter denied any new marijuana use.

    3) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the government alleges as follows: Mr. Jordan failed to provide urine specimens for testing on April 26th, July 24th, and August 16th, 2007, as instructed as part of the random drug testing program operated by the U.S. Probation Office.

    4) The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer. Specifically, the government alleges as follows: On or about June 5, 2007, Mr. Jordan was instructed to attend mental health counseling through Southwest Arkansas Counseling and Mental Health Center ("SWACMHC") and he indicated that he had been in touch with them. On July 2, 2007, the U.S. Probation Office received notification from SWACMHC that Mr. Jordan failed to show up for his initial appointment on April 27, 2007, and had not rescheduled. On July 3, 2007, the U.S. Probation Office sent Mr. Jordan a letter advising him that he was in violation of this condition of release for not attending the mental health counseling as instructed. On August 1, 2007, Mr. Jordan was again instructed to schedule an appointment with SWACMHC for mental health counseling. On August 23, 2007, Mr. Jordan stated that he had not called and scheduled an appointment with SWACMHC. Mr. Jordan has failed to follow the instructions of his Probation Officer.

    The court scheduled a revocation hearing for September 19, 2007. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled

true to the second, third, and fourth allegations as set forth above. The government withdrew the first allegation. Based on the defendant's plea of true to the second, third, and fourth allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for ninety (90) days, concurrent with the term of imprisonment the defendant serves in case number 5:04-CR-5(1), with no term of supervised release to follow such term of imprisonment. The court further recommended that the defendant be placed by the Bureau of Prisons within its Texarkana, Texas facility, or such other facility that is equipped to treat Mr. Jordan's medical needs during the period of his confinement.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the second, third, and fourth allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ninety (90) days, concurrent with the term of imprisonment the defendant serves in case number 5:04-CR-5(1), with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas facility, or such other facility that is equipped to treat Mr. Jordan's medical needs during the period of his confinement..

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 14th day of November, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE